PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* RAFAEL DROS, Defendant and Appellant.

No. 2668. Argued March 26, 1926.—Decided April 27, 1926.

*Manuel A. Rivera* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Rafael Dros, who was driving a truck on public road No. 1, was found guilty under a complaint charging him with a violation of Act No. 75 of April 13, 1916, to regulate the operation of motor vehicles, etc., "because he failed to exercise due care and to take the precautions necessary to

insure the safety of persons and property and (*d*) did not keep the truck as far to his right as was necessary to allow the passing of automobile No. 563 P. driven by Víctor Flores, chauffeur No. 16852, in that way causing the left front wheel of the truck to collide with the rear left mudguard of the Buick car, which suffered the breakage of its transmission . . ."

It will be noticed that the complaint charged specifically that the defendant did not keep the truck as far to the right as practicable and that that was the cause of the accident. *People* v. *Garcia*, 28 P.R.R. 953. However, the complaint could have been more explicit in its terms, inasmuch as the case falls within subdivision (*d*) of section 12 of the Act, but the complaint as worded is sufficient.

The appellant questions only the weighing of the evidence by the trial judge.

The evidence tended to show that the truck was going up a hill and overtook a led horse laden with charcoal going in the same direction, and that the Buick car was coming down the hill at the same time from the opposite direction. It seems that the trial judge found that inasmuch as the driver of the truck did not have the right of way and saw the Buick car coming down the hill, he should have kept the truck as far to the right as practicable in order to allow the other vehicle to pass. By not doing so his guilt seemed evident. He should not have left the right side of the road in the belief that his truck had enough space to pass the other car at the same time that the horse was passing. He did so, however, and must suffer the consequences of his failure to keep the truck as far to the right as practicable.

The rule cited by the appellant as established in the Regulations of the Public Service Commission "that every chauffeur shall be bound to stop, and he shall stop the vehicle operated or driven by him whenever he sees ahead of him another vehicle that is stopped, with the duty of leaving

the way clear to any other vehicle that should come in an opposite direction, and he shall not drive the car to the left side of the stopped vehicle until the one coming in an opposite direction has passed rather applied to him. It is true that no other vehicle was in front of his truck, but there was a ' pack-horse and its leader, making the situation the same. The defendant should have waited with his truck on the right side of the road thus giving the right of way to the automobile coming from the opposite direction, instead of turning to the left of the horse ahead of him.

At any rate, the evidence was contradictory and the conflict was adjusted against the defendant without manifest error, passion or prejudice on the part of the trial judge, wherefore the judgment must be affirmed.